FILED
2007 Dec-18  AM 09:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN DOW HANDEY & EDMUND RUSH, individually and as Representatives of all other persons similarly situated,<br><br>   Plaintiffs,<br>v.<br><br><br>VALENTI SOUTHEAST MANAGEMENT, LLC<br><br>   Defendant. | **DEMAND FOR JURY**<br><br>Civil Action No:<br> 07-1422-KOB |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

Come now, Jonathan Dow Handey and Edmund Rush, Plaintiffs in the above styled case individually and in their capacity as representatives of all other persons similarly situated, and hereby show unto the Court as follows:

## I. INTRODUCTION

1. This is an action pursuant to the Fair Credit Reporting Act ("FCRA") provisions as enacted by the Fair and Accurate Credit Transactions Act ("FACTA") 15 U.S.C. §1681 et seq. Plaintiffs, Jonathan Dow Handey and Edmund Rush ("Plaintiffs"), individually and on behalf of all other persons similarly situated, bring this action against Valenti Southeast Management, LLC, the named Defendant ("Defendant" or "Valenti" ) based on Defendant's practice of violating 15 U.S.C. §1681c(g), a provision of the Fair and Accurate Credit

1

Transactions Act ("FACTA") which was enacted by Congress in 2003 to aid in the prevention of identity theft and credit/debit card fraud. Section 1681c(g) provides in pertinent part that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." Despite having had several years to bring themselves into compliance with the law, Defendant has willfully violated Section 168lc(g) repeatedly by printing either more than the last five digits of the credit card or debit card number or the expiration date of the card (herein singularly and/or collectively referred to as "Protected Information") on credit card or debit card receipts provided to consumers at the point of sale. Based on these violations, Defendant is liable to the Plaintiffs and the proposed class of other similarly situated consumers under 15 U.S.C. § 1681c(g).

## II. JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1681p and 28 U.S.C. §§1331, 1332(a) and 1332(d)(2). Venue is proper pursuant to 28 U.S.C. §139l(b) because Defendant conducts business in this district and has violated laws here in the manner alleged herein, and because there is personal jurisdiction in this district over the Defendant.

## III. PARTIES

3.     Plaintiffs are both residents and citizens of the state of Alabama in this district and are "consumers" as defined by §1681a(c) of the FCRA. Pursuant to the Federal Rules of Civil Procedure, Plaintiffs seek to represent a nationwide class of consumers, likewise defined by §1681a(c).

4.     Defendant, Valenti Southeast Management operate a Chili's Bar and Grill or do business within the Northern District of Alabama and violated the statutes as alleged herein.

5.     Upon information and belief, Defendant Valenti Southeast Management, LLC are based in Tampa, FL. Valenti Southeast is wholly owned and operated by Valenti Management, Inc. Valenti is not incorporated under the laws of the State of Alabama, however, it is currently doing business within the State of Alabama.

6.     The Defendant is a "person that accepts credit cards or debit cards for the transaction of business" under the FCRA.

## IV. EFFECTIVE DATE AND NOTICE OF STATUTE

7.     Section 1681c(g), by its express terms, became effective on December 4, 2004 with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions ("Point of Sale Devices" or "POS" devices) and that were first put into use on or after January

1, 2005. As for Cash Registers that were in use before January 1, 2005, the statute did not become effective until December 4, 2006. Thus, Congress allowed those persons which were using Cash Registers put in use before January 1, 2005, sufficient time to make those Cash Registers compliant. In contrast, with respect to Cash Registers first put into use on or after January 1, 2005, Congress imposed liability immediately.

8.      Surrounding the enactment of FACTA, the major credit card companies including VISA, MasterCard, and other entities, including Cash Register sellers, began informing retailers of the need to truncate credit card information to comply with various state laws, with VISA or MasterCard policies and/or regulations, and/or with FACTA.  There are large monetary penalties from these card companies for failure to properly.

9.      On or about May of 2007, the FTC issues a "Business Alert" entitled "Slip Showing? Federal Law Requires All Business to Truncate Credit Card Information on Receipts."  This "Alert" clearly stated the FTC's position that the FACTA statute required suppression of the both credit card number and the expiration date:

> You may include no more than the last five digits of the card number, and you must delete the card's expiration date. For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:
>
> ACCT: \*\*\*\*\*\*\*\*\*\*\*12345

EXP: ****

Thus, it is quite clear that Federal law requires the deletion or suppression of both the credit card number and the expiration date of the card.

10. Defendant is required and hereby requested to preserve and maintain all relevant evidence including but not limited to written and electronic records, communications and documents relating to (1) FACTA and/or similar truncation laws or regulations; (2) its credit and debit transactions, nationwide, in particular business locations and at particular Cash Registers; and (3) the acquisition, use and discontinuation of use of particular Cash Register, POS systems, terminals or other equipment that print credit and/or debit card receipts.

## V. **ALLEGATIONS OF PLAINTIFFS**

11. On August 1, 2007, Defendant, operating a Chili's restaurant, printed the expiration date of Jonathan Handey's credit card on a receipt provided to him at the point of a sale or transaction by Defendant at the Trussville, Alabama Chili's location. By doing so, Defendant violated 15 U.S.C. § 1681c(g).

12. On December 29, 2006, and June, 21, 2007, Defendant, operating a Chili's restaurant, printed the expiration date of Edmund Rush's credit card on a receipt provided to him at the point of a sale or transaction by Defendant at the Trussville, Alabama Chili's location. By doing so, Defendant violated 15 U.S.C. § 1681c(g).

13. Defendant's violations as alleged herein, were obviously not an accident or an isolated oversight. Rather, Defendant willfully continued to use Cash Registers which were not programmed to, or otherwise did not, comply with Section 1681c(g). Defendant knew that its receipt-printing practice contravened the rights of consumers under the FCRA, or at a minimum, recklessly disregarded whether its practices contravened consumers' rights, and as a conspiracy, ignored the law, thereby placing Plaintiffs and similarly situated customers at greater risk of identity theft.

## VI. CLASS ACTION ALLEGATIONS

14. Plaintiffs bring this action on behalf of themselves and a class of persons similarly situated in the United States of America (sometimes referred to herein as "Class Members"). This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure, Rules 23(a) and (b)(3).

15. Since January 1, 2005, and within the applicable statute of limitations period, Defendant printed the expiration date and/or printed more than the last five digits of Class Members' credit card or debit card numbers on the receipts provided to the Class Members at the point of a sale or transaction between Defendant and the Class Members. To the extent Defendants did so using Cash Registers that were first put in use on or after January 1, 2005, Defendant violated 15 U.S.C. §I681c(g).

16.     On or after December 4, 2006, Defendant printed the expiration date and/or printed more than the last five digits of Class Members' credit card or debit card numbers ("protected information") on the receipts provided to the Class Members at the point of a sale or transaction between Defendants and the Class Members. Each and every receipt violated 15 U.S.C. §1681(c)(g), irrespective of when the Cash Register was put into use.

17.     Defendant's violations were not the product of an accident or an isolated oversight. Rather, Defendant knowingly and intentionally continued to use Cash Registers which were not programmed to, or otherwise did not, comply with Section 1681c(g). Defendant knew that its receipt-printing practice contravened the rights of consumers under FACTA, or, at a minimum, recklessly disregarded whether its practice contravened consumers' rights.

18.     <u>CLASS DEFINITION</u>: Plaintiffs seek to represent a class of customers of the Defendant (the "Class"), as follows:

> All individuals in the United States who, on or after December 4, 2006, were provided at the point of sale or transaction with an electronically printed receipt by Defendant on which Defendant printed more than the last five digits of the person's credit card or debit card number, or on which Defendants printed the expiration date of the person's credit or debit card.

19.     The members of the proposed Class (the "Class Members") can be ascertained from Defendant's records or from information readily accessible to the Defendant. Notice can be sent to the Class Members by mail, email, the Internet,

7

through publication in newspapers and periodicals, or by other means authorized by the Court.

20. This action is brought and may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure:

(a) Numerosity: The class members are so numerous that joinder of all of them is extremely impracticable. Plaintiffs reasonably believe and thereon allege that the size of the class is in the tens of thousands.

(b) Commonality: Common questions of law and fact are shared by the class members. Such common questions include, but are not limited to the following:

1) Whether Defendant printed Protected Information on credit card or debt card receipts in violation of FACTA;

2) Whether Defendant's conduct constituted willful noncompliance with FACTA; and

3) Whether Class Members are entitled to recover statutory damages, punitive damages and/or attorney's fees.

(c) Typicality: Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and the other class members were subjected to the same kind of unlawful conduct and the claims of Plaintiffs and the other class members are based on the same legal theories.

(d) Adequacy of Representation: Plaintiffs, individually and through counsel, will fairly and adequately protect the interests of the class, and Plaintiffs have no interest adverse to the interests of the class. Plaintiffs' attorneys are experienced class action attorneys, who will fully and adequately represent and protect the class, and are ready, willing and able to do so.

21. This case is brought and may be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

(a) Predominant Questions of Law or Fact: Questions of law or fact common to class members, including those identified above, predominate over questions affecting only individual members (if any), and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated consumers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

(b) Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it extremely difficult or impossible for individual class members to seek and obtain relief. On the other hand, a class action will serve important public interests by permitting consumers harmed by Defendant's

unlawful practices to effectively pursue recovery of the sums owed to them, by deterring further unlawful conduct, and by aiding in the prevention of identify theft. The public interest in protecting the rights of consumers favors disposition of the controversy in the class action form.

## COUNT ONE

### Violation of 15 U.S.C. § 1681c(g)

22. Plaintiffs incorporate the preceding paragraphs above by reference and further states:

23. During the relevant time period, as alleged above, Defendant repeatedly and systematically printed statutorily protected and prohibited information, i.e. (the expiration date of consumer's credit card or debit card) and/or (more than the last five digits or a consumer's credit card or debit card number) on receipts it provided at the point of a sale or transaction to consumers, including Plaintiffs and Class Members, in violation of 15 U.S.C. § 1681c(g).

24. Upon information and belief, Plaintiffs allege that Defendant's conduct was pursuant to Defendant's policies, routine practices, procedures and customs for electronically printing receipts, at least with respect to the certain restaurant locations or Cash Registers which blatantly failed to comply with the law. Defendant knew or recklessly disregarded that its use of Cash Registers that did not comply with the law, and that its printing of Protected Information on

customers' receipts, was in contravention of Plaintiffs' and Class Members' rights. As such Defendant's violations of FACTA, as alleged by Plaintiffs' on behalf of themselves and Class Members, were willful under FACTA.

25. As a result of Defendant's willful violation of § 1681c(g), Plaintiffs and each of the Class Members are entitled to monetary relief under § 1681n if not less than $100 and not more than $1,000 for each violation by Defendant.

26. Plaintiffs and Class Members also were exposed to at least an increased risk of identity theft by reason of Defendant's conduct. Notwithstanding such exposure, any Class Member will be entitled to opt out of this action, should they so desire and prove their claims in a separate action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court grant the following relief against Defendant, as follows:

a) Certify this matter as a class action with the class being defined as:

> All individuals in the United States who, on or after December 4, 2006, were provided at the point of sale or transaction with an electronically printed receipt by Defendant on which Defendant printed more than the last five digits of the person's credit card or debit card number, or on which Defendant printed the expiration date of the person's credit or debit card.

b) That Plaintiffs be designated as the Class Representatives and the Plaintiffs' attorneys of record be designated as Class Counsel;

c)   That the Plaintiffs and each Class Member be awarded the statutory damages provided hereunder 15 U.S.C. §1681 for each willful violation as alleged hereunder;

d)   That punitive damages be awarded as allowed under 15 U.S.C. §1681n.

e)   That the Plaintiffs and other Class Members be awarded the costs of the litigation and attorney fees;

f)   That interest be awarded as permitted by law; and

g)   That such other further and different relieved, be awarded, including but not limited to nominal damages, as the Court deems just and appropriate under the law.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury to the full extent permitted by law.

Respectfully Submitted,

/s/ W. Tucker Brown
G. Douglas Jones (JON012)
Andrew C. Allen (ALL014)
Othni J. Lathram (LAT016)
W. Tucker Brown (BRO228)
**Whatley Drake & Kallas, LLC**
1000 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
Phone: (205) 328-9576

        Fax:  (205) 328-9669
        E-mail: tbrown@wdklaw.com

        Chris Glover
        Brett Turnbull
        **HOGAN AND GLOVER, P.C.**
        2017 Morris Avenue, Suite 300
        Birmingham, AL 35203-4138
        Phone: (205) 327-5235
        Fax: (205) 327-5237

        **Attorneys for the Plaintiffs**


Plaintiffs' Addresses:

Jonathan Dow Handey
c/o Hogan and Glover, P.C.
2017 Morris Avenue, Suite 300
Birmingham, AL 35203


Edmund Rush
c/o Hogan and Glover, P.C.
2017 Morris Avenue, Suite 300
Birmingham, AL 35203

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all persons registered for ECF as of this date.

/s/ W. Tucker Brown
OF COUNSEL